ASH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson,<br><br>Plaintiff,<br><br>v.<br><br>Federal Bureau of Prisons, et al.,<br><br>Defendants. | No.   CV-23-00442-TUC-RM<br><br>**ORDER** |

On January 3, 2023, Plaintiff Jeremy Pinson, a serial litigant[1] who is presently confined in the United States Penitentiary ("USP")-Allenwood,[2] filed a pro se civil rights Complaint and an Application to Proceed In Forma Pauperis in the United States District Court for the Eastern District of California. In an April 10, 2023 Order, that Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On April 24, 2023, Plaintiff filed a First Amended Complaint (Doc. 7), and a Motion for Preliminary Injunction (Doc. 9). By Report and Recommendation ("R&R") dated June 1, 2023, the assigned Magistrate Judge recommended that the First Amended Complaint and the action be dismissed as duplicative of a case already proceeding in this

---

[1] Plaintiff has filed or been a party to hundreds of civil actions in this Court and others across the country.

[2] At the time Plaintiff initiated this action she was confined in USP-Tucson.

Court, *Pinson v. Carvajal et al.*, CV 22-00298-TUC-RM. By Order dated September 26, 2023, United States District Judge Daniel J. Calabretta declined to adopt the R&R and transferred the case to the undersigned as "more ably to determine whether or not the case should proceed past the screening stage." (Doc. 13 at 2.) The next day, the Clerk of Court for this District received the transfer, opened this matter to facilitate its consideration, and assigned the case to the undersigned.

The Court will deny without prejudice the Motion for Preliminary Injunction; dismiss Count Two of the First Amended Complaint; dismiss Defendants Gutierrez, Rios, and the BOP; and order the United States to answer Counts One and Three of the First Amended Complaint.[3]

## I.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

---

[3] Plaintiff also filed two Motions for Clarification with the Eastern District of California. (*See* Docs. 8 and 10.) Although it does not appear that either of those Motions were addressed by that Court in its September 26, 2023 Order, the Court will deny the motions as moot because they only seek clarification of certain rulings by the Eastern District of California Magistrate Judge.

550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II.     First Amended Complaint

In her[4] First Amended Complaint, Plaintiff names the Federal Bureau of Prisons ("BOP"), United States of America, USP-Tucson Warden Mark Gutierrez, and BOP Regional Director Mary Rios as Defendants. Plaintiff alleges claims of First Amendment retaliation (Count One), Eighth Amendment medical care (Count Two), and a claim pursuant to the Federal Tort Claims Act ("FTCA") (Count Three), for which she seeks monetary and injunctive relief.

As recounted above, the United States District court for the Eastern District of California was concerned that Plaintiff's claims may be duplicative of *Pinson v. Carvajal et al.,* CV 22-00298-TUC-RM, currently pending in this Court. "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (internal quotation omitted), *abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). To determine whether two successive causes of action are the same, courts use the "transaction test" developed in the context of

---

[4] Plaintiff is transgender and uses female pronouns.

claim preclusion. *Adams*, 487 F.3d at 689 (noting that "[a] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions."). "'Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together.'" *Id.* (quoting *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992)). To that end, courts examine the following criteria: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Id.* (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). "The last of these criteria is the most important." *Id.*

In CV 22-00298, Plaintiff's operative Second Amended Complaint names the BOP and USP-Tucson officials J. Christensen, K. Moran, Mark Gutierrez, Muhammad Zantout, and T. Schneider as Defendants; alleges that the BOP has violated her Eighth Amendment rights to medical care and safety (Counts One and Three) and her Fifth Amendment equal protection rights (Count Two), and that Defendants Christensen, Moran, Gutierrez, Zantout, and Schneider have engaged in a civil rights conspiracy in violation of 42 U.S.C. §§ 1985 and 1986 (Count Four); and seeks injunctive relief only. Accordingly, Plaintiff's instant claims of First Amendment retaliation (Count One) and violation of the FTCA (Count Three) are not duplicative of CV 22-00298 because no such claims were raised in that action.

Plaintiff's instant Eighth Amendment medical care claim (Count Two), however, is duplicative of that raised in CV 22-00298. Although both claims are difficult to parse because they are presented as lengthy factual narratives spanning much of Plaintiff's federal incarceration, both "arise out of the same transactional nucleus of facts"; namely, the classification and treatment of Plaintiff as male despite her female gender identity. The two claims further involve substantially the same evidence, and involve the same asserted

right (i.e. the Eighth Amendment), and although no judgment has yet been entered in CV 22-00298, there is the potential for competing findings if the claims proceed separately. Indeed, Plaintiff herself concedes that the Eighth Amendment medical care claim raised in the instant action is duplicative of that raised in CV 22-00298. (*See* Doc. 12 at 1 (asserting that the R&R's conclusion that the instant action is duplicative of CV 22-00298 "is correct as to the Eighth Amendment claim, and incorrect as to the First Amendment and FTCA claims").)  Accordingly, the Court will dismiss Plaintiff's instant Eighth Amendment medical care claim as duplicative of that in CV 22-00298.

As to Plaintiff's remaining First Amendment retaliation and FTCA claims, upon review pursuant to § 1915A, the Court determines that Plaintiff has sufficiently alleged each of those claims.  However, Plaintiff indicates that Count Three is directed solely against the United States, and she seeks only injunctive relief related to Count One pursuant to 28 U.S.C. § 1331.[5]  In the prison context, relief pursuant to § 1331 is limited to claims brought against the United States directly, or against federal officers acting in their *official* capacities. *See, e.g., Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1232 (10th Cir. 2005) ("Although nominally brought against the prison dentists, Mr. Simmat's claim is in reality against the United States") (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).  Because Plaintiff does not name either Gutierrez or Rios in their official capacities, and because the BOP is duplicative of the United States for purposes of responding to Plaintiff's request for injunctive relief, the Court will dismiss Gutierrez, Rios, and the BOP.  The Court will require the United States to answer Counts One and Three of the First Amended Complaint.

. . . .

. . . .

---

[5] Specifically, Plaintiff seeks an "[i]njunction enjoining BOP from continuing to house the mentally ill in segregation or solitary confinement at any BOP facility systemwide for longer than 60 days." (Doc. 1 at 6.)  Because this request is aimed at the BOP "systemwide," it does not appear to be mooted by Plaintiff's recent transfer to USP-Allenwood in White Deer, Pennsylvania, and the Court thus concludes for purposes of this Order that it retains jurisdiction over Plaintiff's First Amendment retaliation claim.

### III. Motion for Preliminary Injunction

Local Rule of Civil Procedure 7.2(e)(1) provides that a motion and its supporting memorandum may not exceed 17 pages. Pro se litigants are bound by the rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995); *see Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("[a]lthough pro se, [a litigant] is expected to abide by the rules of the court in which [s]he litigates").

Plaintiff's Motion is more than 180 pages long, consisting of approximately 40 pages of memoranda, and more than 140 pages of additional exhibits and other attachments. While the Court is inclined to give Plaintiff some leeway because her Motion is hand-written, exceeding the page limit as to the substantive portion of the Motion by more than double (to say nothing of the additional exhibits and attachments) is not permissible. Plaintiff is an experienced litigant and well-aware of federal pleading requirements. On this basis, Plaintiff's Motion will be denied. If Plaintiff desires to seek preliminary injunctive relief, she must do so by new motion that complies with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Further, in light of Plaintiff's transfer to USP-Allenwood in White Deer, Pennsylvania (*see* Docs. 16, 17), the Motion appears to be moot. In the Motion, Plaintiff sought to enjoin her housing in the USP-Tucson SHU and redesignation to any male prison, and to enjoin the BOP "Western Regional Director" from "failing to strictly enforce 28 C.F.R. 115.67 with regard to USP-Tucson and Western Regional institutions." (Doc. 9 at 39.)[6] Because Plaintiff is no longer housed in the USP-Tucson SHU or within any western regional BOP institution, no such relief can be granted. Accordingly, the Motion will additionally be denied as moot.

To the extent Plaintiff also seeks the appointment of counsel within the Motion, the request will be denied. There is no constitutional right to the appointment of counsel in a

---

[6] To the extent Plaintiff also requests that the Court "declare this action as a systemwide challenge to PREA retaliation customs and practices, not simply a challenge to conditions or events at USP-Tucson," (*id*. at 40), declaratory relief is not properly sought in a motion for preliminary injunction.

civil case. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many pro se prisoner litigants. Thus, the Court will deny without prejudice Plaintiff's Motion for Appointment of Counsel.

**IV.  Warnings**

    **A.  Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of her release, either (1) notify the Court that she intends to pay the unpaid balance of the filing fee within 120 days of her release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

    **B.  Address Changes**

If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C.  Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a

copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Count Two is **dismissed** without prejudice.

(2)     Defendants Gutierrez, Rios, and the Federal Bureau of Prisons are **dismissed** without prejudice.

(3)     Defendant United States must **answer** Counts One and Three of the First Amended Complaint.

(4)     The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 7), this Order, and both summons and request for waiver forms for Defendant United States.

(5)     Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.

(6)     If Plaintiff does not complete service of the Summons and First Amended Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(7)     Upon receipt of the service packet, the Clerk of Court must send by certified mail a copy of the Summons, the First Amended Complaint, and this Order to (1) the civil process clerk at the office of the United States Attorney for the District of Arizona; (2) the Attorney General of the United States, pursuant to Rule 4(i)(1) of the Federal Rules of Civil

Procedure.

(8) Defendant United States must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(9) Plaintiff's Motion for Preliminary Injunction (Doc. 9) is **denied**.

(10) Plaintiff's Motions for Clarification (Docs. 8 and 10) are **denied as moot**.

Dated this 14th day of March, 2024.

_____
Honorable Rosemary Márquez
United States District Judge